IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CHERYL FREEMAN,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | |
| | ) | |
| **BLU BY JAYDEE LLC,** | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |

_____

## COMPLAINT
_____

### I.   JURISDICTION AND VENUE

1. Plaintiff alleges Defendant subjected her to unlawful discrimination and practices in violation of federal law, Title VII, 42 U.S.C. § 1981, ADA and ADEA.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), and 42 U.S.C. § 2000e-5.

3. Venue is proper in this Court because the Defendant employed the Plaintiff in Madison County.

### II.   PARTIES

4. Plaintiff is a sixty-three year old African American female.

5. Plaintiff is an adult citizen of the United States and resides in Madison County, Alabama.

6. Defendant, BLU by Jaydee LLC, (hereinafter "Defendant"), is an Alabama LLC doing business in Madison, Alabama.

7. Defendant owns and operates a warehouse business that is interrelated with Defendant in its operation, shares centralized control of labor relations with Defendant, shares common management with Defendant, as well as ownership and financial control. Defendant and its warehouse business are an integrated enterprise and/or joint employers.

8. Defendant is an employer for purposes of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, the ADA and the ADEA.

### III.   ADMINISTRATIVE PROCEDURES

9. On or about October 13, 2022, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

10. Plaintiff's Notice of Right to Sue was mailed by the EEOC to the Plaintiff on October 28, 2022, and Plaintiff filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights.

11. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.   STATEMENT OF FACTS

12. Plaintiff incorporates paragraphs one (1) through eleven (11) as if incorporated herein.

13. Plaintiff is a sixty-three year old African American female and began employment with the Defendant in mid-2022.

14. Plaintiff was the only black employee working in the boutique side of the business and was not allowed to work the cash register.

15. Plaintiff also suffers from a disability and the owner continually tried to ask questions about her disability and made negative comments about Plaintiff having a disability such as telling Plaintiff did not believe she could perform some work because she is disabled.

16. Employees also made derogatory comments about Plaintiff's age telling her they did not care if she was sixty-three years old she still had to move the heavy clothing racks by herself.

17. On or about October 13, 2022, Plaintiff reported to work, and the white manager and white employees were discussing the movie *The Color Purple* and were making some comments that were beginning to be racist.

18. Plaintiff attempted to change the subject and the white manager and employees kept discussing the move and the white manager and a white employee began talking about the movie *Roots* and said, "If you think *The*

*Color Purple* was bad you should have seen *Roots*!"

19. The white manager and white employees kept making offensive comments about these two films about black culture and Plaintiff became visibly upset and walked out of the store.

20. When Plaintiff walked back in the store the white employees had the white owner on the phone and Plaintiff was asked to leave work.

21. Plaintiff texted the owner complaining that she was asked to leave and being treated like black people in the movie *The Color Purple*.

22. The owner responded to Plaintiff's message and complaints and informed Plaintiff, "We feel it better if you find other employment."

23. Plaintiff was terminated on or about October 13, 2022 and upon information and belief Plaintiff was replaced by a white employee.

## V.  STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

**STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 CLAIMS OF RACE DISCRIMINATION AND HARASSMENT**

24. Plaintiff incorporates paragraphs one (1) through fourteen (14), and seventeen (17) through twenty-three (23) as if fully set forth herein.

25. Plaintiff is a sixty-three year old African American female and began employment with the Defendant in mid-2022.

26. Plaintiff was subjected to racially offensive statements and comments, racial harassment and a hostile work environment by the white owners, managers and employees.

27. Plaintiff was treated differently than the white employees

28. Plaintiff was the only black employee and was not allowed to operate the cash register when all other employees were allowed to work the cash register and handle money and payments.

29. Prior was a good employee who was qualified to perform numerous job duties.

30. Plaintiff was subjected to discriminatory and harassing terms and conditions of employment and her race factored into these decisions and was one of the reasons for Defendant's discriminatory treatment of Plaintiff.

31. Defendant condoned and tolerated race discrimination and harassment, and Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended and 42 U.S.C. § 1981, as amended.

32. Defendant's actions are willful and have caused Plaintiff harm.

33. Defendant's actions are reckless and have caused Plaintiff harm.

34. Defendant has harassed and discriminated against Plaintiff in violation of her federally protected rights.

35. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory

damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.

36. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

37. Plaintiff has suffered embarrassment, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendants' unlawful conduct.

38. Plaintiff's race was a motivating factor in the decisions to deny Plaintiff work and terminate her employment.

39. Defendant has a habit and/or practice of discriminating against black employees and condoning and/or allowing race discrimination.

40. Supervisors and managers employed by Defendant have engaged in these discriminatory and unlawful practices, were aware these unlawful practices by other employees, or encouraged and/or condoned these unlawful practices.

41. Defendant failed to train its employees on antidiscrimination/antiharassment policies and reporting procedures.

42. Plaintiff has been directly affected by the racially discriminatory and harassing practices described in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c. Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney's fees, expenses, costs; and,

d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

**PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 RETALIATION CLAIMS**

43. Plaintiff hereby adopts and realleges paragraphs one (1) through twenty-three (23) herein above as if fully set forth herein.

44. Plaintiff complained about racial discrimination, harassment and engaged in protected activity.

45. Plaintiff has a good faith belief that she was being subjected to racial discrimination, harassment and a hostile environment.

46. The day Plaintiff complained and engaged in protected activity she was terminated.

47. Plaintiff was terminated on or about October 13, 2022.

48. Plaintiff was a good employee and there was no legitimate reason to terminate her employment.

49. Plaintiff has been treated differently than other employees that have not complained of discrimination or engaged in protected activity.

50. Defendant subjected Plaintiff to adverse treatment, harassment and termination, with respect to the terms and conditions of her employment in retaliation for her complaints and protected activity.

51. There is a causal connection between Plaintiff's complaints and the adverse actions she has been forced to endure.

52. Plaintiff has been unjustly harassed and terminated for her complaints and protected activity.

53. Defendant has a habit and/or practice of retaliating against employees that complain and engage in protected activity.

54. Supervisors and managers employed by Defendant engaged in these unlawful retaliatory practices, were aware of these unlawful practices, encouraged and/or condoned these unlawful practices.

55. Defendant failed to train its employees on antiretaliation policies and reporting procedures.

56. Plaintiff has been directly affected by the retaliatory practices described in this Complaint.

57. Defendant's conduct and the conduct of its employees was so severe or pervasive as to create a retaliatory harassing working environment to which Plaintiff was subjected.

58. Defendant knew or should have known of the retaliation Plaintiff was forced to endure.

59. Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the retaliation Plaintiff was forced to endure.

60. Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

61. Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

62. Plaintiff's complaints were a factor that motivated Defendant to terminate Plaintiff's employment.

63. Plaintiff has been retaliated against for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and the adverse actions she suffered.

64. Plaintiff has been retaliated against in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as amended.

65. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.

66. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §

1981, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the Civil Rights of 1964 and 42 U.S.C. § 1981, as amended;

c.      Grant Plaintiff an Order requiring Defendant make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE

## PLAINTIFF'S ADEA DISCRIMINATION CLAIMS

67.     Plaintiff incorporates paragraphs one (1) through thirteen, sixteen (16), and twenty-three (23) as if incorporated herein.

68.     Plaintiff is a sixty-three year old female and began employment with the Defendant in mid-2022.

69.     Plaintiff worked in the boutique side of Defendant's business.

70.     Younger employees made derogatory and offensive comments about Plaintiff's age and made fun of her age.

71.     Plaintiff was terminated on or about October 13, 2022.

72. Plaintiff was a good employee and there was no legitimate reason to terminate her employment.

73. Upon information and belief, Defendant replaced Plaintiff with someone younger.

74. Plaintiff's age, over forty, was a motivating factor in and/or the but-for cause of her termination.

75. Defendant has a habit and/or practice of discriminating against older employees and condoning and/or allowing age discrimination.

76. Supervisors and managers employed by Defendant have engaged in these discriminatory and unlawful practices, were aware these unlawful practices by other employees, or encouraged and/or condoned these unlawful practices.

77. Defendant failed to train its employees on its purported policies prohibiting age discrimination and reporting procedures.

78. Defendant's dissemination of any antidiscrimination policies and reporting procedures has been ineffective.

79. Plaintiff has been directly affected by the discriminatory practices described in this Complaint.

80. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.  Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the ADEA;

b.  Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating the ADEA;

c.  Grant Plaintiff an Order requiring Defendant make her whole by granting appropriate declaratory relief, back pay, front pay, liquidated damages, interest, attorney's fees, expenses, costs; and

d.  Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT FOUR

## PLAINTIFF'S ADA/ADAAA CLAIMS

81. Plaintiff incorporates paragraphs one (1) through thirteen (13), fifteen (15) and twenty-three (23) as if incorporated herein.

82. Plaintiff is disabled and has been awarded social security disability benefits.

83. Plaintiff is able to work part time and maintain her disability benefits.

84. Plaintiff began employment with the Defendant in mid-2022.

85. Plaintiff worked on the boutique side of Defendant's business.

86. The white manager and owner constantly questioned Plaintiff about her disability even after Plaintiff informed them that she did not want to discuss the details of her disability.

87. The white manager and employees made negative comments about Plaintiff's disability and accused Plaintiff not being able to perform certain duties because of her disability.

88. Plaintiff was terminated on November 11, 2020.

89. The Defendant terminated Plaintiff and her disability and/or perceived disability factored into the decision to deny Plaintiff work and terminate her employment.

90. Defendant regarded Plaintiff as disabled when it made the decision to deny her employment and terminate her employment.

91. The Defendant has subjected Plaintiff to adverse treatment, including termination, with respect to the terms and conditions of her employment in violation of the ADA/ADAAA.

92. Plaintiff has been terminated in violation of the ADA/ADAAA.

93. Defendant's illegal discriminatory, and adverse actions have injured the Plaintiff.

94. Defendant's actions are willful and have caused Plaintiff harm.

95. Defendant's actions are reckless and have caused Plaintiff harm.

96. Defendant has a habit and/or practice of taking adverse action against employees with a disability or employees they perceive to be disabled.

97. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.

98. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that the Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the ADA/ADAAA;

b. Grant the Plaintiff a permanent injunction enjoining the Defendant, their Agents, Successors, Employees, Attorneys, and those acting in concert with the Defendant or at the Defendant's request from violating the ADA/ADAAA;

    c.    Grant the Plaintiff an Order requiring the Defendant make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

    d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

*Cynthia Forman Wilkinson*
CYNTHIA FORMAN WILKINSON
State Bar I.D. No.ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**
**WILKINSON LAW FIRM**, **PC**
1717 3rd Avenue North, Suite A
Birmingham, AL 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:
Ms. Cheryl Freeman
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Birmingham, AL 35203

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**
BLU by Jaydee LLC
c/o Todd Grasham
7967 Highway 72 W
Madison, AL 35758